**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF NEW YORK**

---

MALCOM ALI BEY, *Executor/Beneficiary,*
*ex rel. Tashano Jenkins Estate Trust,*

                                    Plaintiff,

              v.

IN-PROGRESS HOUSING (IPH), *including*
*its officers, agents, employees, supervisors,*
*successors, and assigns,*

                                    Defendant(s).

No. 1:25-CV-01544
(GTS/PJE)

---

**APPEARANCES:**

Malcom Ali Bey
45 Hudson Avenue
General Post Office
Albany, New York 12210
Plaintiff pro se

**REPORT-RECOMMENDATION & ORDER**

Plaintiff pro se Malcolm Ali Bey commenced this action on November 3, 2025, against defendant "In-Progress Housing (IPH), 176 Sheridan Avenue, Albany New York 1210 Including its officers, agents, employees, supervisors, successors, and assigns" with the filing of a complaint, and, in lieu of paying this Court's filing fee, an application for leave to proceed in forma pauperis ("IFP"). *See* Dkt. No. 1 ("Compl.") at 1, Dkt. No. 2. The undersigned has reviewed plaintiff's IFP application and determines he financially qualifies for leave to proceed IFP.[1] Accordingly, the undersigned must

---

[1] Plaintiff is advised that he will still be required to pay all costs and fees that may be associated with this action, including, but not limited to copying fees, witness fees, and transcript fees.

1

review the sufficiency of plaintiff's complaint, *sua sponte*, pursuant to 28 U.S.C. §§1915(e)(2), §1915A.[2]

## II. **Legal Standards**

28 U.S.C. § 1915 provides that, when a plaintiff seeks to proceed IFP, "the court shall dismiss the case at any time if the court determines that . . . the action or appeal (i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief."  28 U.S.C. § 1915(e)(2)(B).  "Thus, it is a court's responsibility to determine that a plaintiff may properly maintain his complaint before permitting him to proceed further with his action."  *Praileau v. Fischer*, 930 F. Supp. 2d 383, 394 (N.D.N.Y. 2013).

Where, as here, the plaintiff proceeds pro se, "the court must construe his submissions liberally and interpret them to raise the strongest arguments that they suggest."  *Kirkland v. Cablevision Sys.*, 760 F.3d 223, 224 (2d Cir. 2014) (per curiam) (internal quotation marks and citation omitted).  As the Second Circuit stated,

> our cases have also indicated that we cannot read into pro se submissions claims that are not consistent with the pro se litigant's allegations, or arguments that the submissions themselves do not suggest, that we should not excuse frivolous or vexatious filings by pro se litigants, and that pro se status does not exempt a party from compliance with relevant rules of procedural and substantive law. . . .

*Triestman v. Fed. Bureau of Prisons,* 470 F.3d 471, 477 (2d Cir. 2006) (internal quotation marks, citations, and footnote omitted)*; see also Sealed Plaintiff v. Sealed Defendant,*

---

[2] Despite the statutory language referring to incarcerated individuals, these requirements apply equally to non-prisoner pro se litigants seeking to proceed in forma pauperis.  *See* N.D.N.Y. L.R. 72.3(d) ("Unless the Court orders otherwise, any civil action that a non-prisoner pro se litigant commences shall be referred to a Magistrate Judge for the purpose of review under 28 U.S.C. § 1915(e)(2) and 28 U.S.C. § 1915A when an application to proceed in forma pauperis is filed.").

537 F.3d 185, 191 (2d Cir. 2008).  Although detailed allegations are not required at the pleading stage, the complaint must still include enough facts to provide the defendants with notice of the claims against them and the grounds upon which these claims are based.  *See Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009); *see also Bell Atlantic v. Twombly*, 550 U.S. 544, 555-56 (2007) ("A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.").

Further, when reviewing a complaint, a court may look to the Federal Rules of Civil Procedure ("Fed. R. Civ. P").  *See, e.g.*, *Cole v. Smrtic*, No. 1:24-CV-00847 (MAD/CFH), 2024 WL 4870495, at *2 (N.D.N.Y. Nov. 21, 2024) (explaining, "special solicitude for pro se pleadings has its limits, because pro se pleadings still must comply with ... the Federal Rules of Civil Procedure . . . .") (internal quotations and citation omitted), *report and recommendation adopted*, 2025 WL 247901 (N.D.N.Y. Jan. 21, 2025);[3] *see also* FED. R. CIV. P. 8(a)(2) (providing that a pleading shall contain "a short and plain statement of the claim showing that the pleader is entitled to relief," "a short and plain statement of the grounds for the court's jurisdiction . . .  and . . . a demand for the relief sought . . . .").  A complaint that fails to comply with the pleading requirements "presents far too a heavy burden in terms of defendants' duty to shape a comprehensive defense and provides no meaningful basis for the Court to assess the sufficiency of their claims."  *Gonzales v. Wing*, 167 F.R.D. 352, 355 (N.D.N.Y. 1996).  As the Second Circuit has held, "[w]hen a complaint does not comply with the requirement that it be short and plain, the court has the power, on its own initiative . . . to dismiss the complaint."  *Salahuddin v. Cuomo*, 861

---

[3] All unpublished cases cited in this Report-Recommendation and Order, unless otherwise noted, have been provided to plaintiff.  *See Lebron v. Sanders*, 557 F.3d 76 (2d Cir. 2009) (per curiam).

F.2d 40, 42 (2d Cir. 1988) (citations omitted).    However, "[d]ismissal . . . is usually reserved for those cases in which the complaint is so confused, ambiguous, vague, or otherwise unintelligible that its true substance, if any, is well disguised."    *Id.* (citations omitted).

### III.  Initial Review

### A.  Complaint

Plaintiff submitted a document entitled "Civil Complaint and Motion for Temporary Restraining Order, Preliminary and Permanent Injunction."  Dkt. No. 1.  Attached to the complaint is a document entitled, "Notice of Injunction Affidavit of Fact [:] Notice of Forced Indoctrination, Violation of Constitutional Rights, and Opportunity to Cure Defect."  Dkt. No. 1-1 ("Notice of Injunction").[4]   The Notice of Injunction is dated October 18, 2025.  In the Complaint itself, plaintiff sets forth almost no facts.  In an introduction section, plaintiff contends that he brought the case pursuant to "Federal Rule of Civil Procedure 65, 42 U.S.C. §§ 1983, 12101-12213, and related constitutional provisions for the protection of Plaintiff's civil rights, disability accommodations, religious liberty and trust privacy."  Dkt. No. 1-1 at 1.  Indeed, in the facts section, he provides, "(As stated in prior sections --- disability, stroke condition, lack of lift access, threats of eviction, forced indoctrination, violation of medical restrictions, and interference with Plaintiff's ministry and trust.)."  Dkt. No. 1 at 2.   Within the complaint there is a heading titled, "Motion for Temporary Restraining Order."  *Id.*  Underneath this heading, it states, *inter alia*, that he is "suffer[ing] ongoing physical pain, mental distress, and risk of neurological deterioration from being forced into unsafe physical activity and hostile

---

[4]   In a subtitle under this, he writes "Private & Confidential Non-Domestic/ Without the United States All Rights Reserved – UCC 1-308 / UCC 1-103[.]"  Dkt. No. 101 at 1.

living conditions." *Id.* He also states in this section that "Defendants' actions violate the Americans with Disabilities Act (42 U.S.C. 12132), Civil Rights Act (42 U.S.C. 1983), and First Amendment protections." *Id.*

In a section titled "Relief Requested under TRO," plaintiff seeks the Court to order defendants to (1) "cease all retaliation, harassment, or intimidation toward Plaintiff," (2) "refrain from requiring or compelling Plaintiff to perform employment or job-search activities against medical orders," (3) "grant immediate access to the facility lift and all necessary accommodations for Plaintiff's mobility and safety," (4) "refrain from discussing or interfering with Plaintiff's private trust or ministry," and (5) "maintain and preserve all written, audio, or video records relevant to Plaintiff's claims[.]" Dkt. No. 1 at 3.

## B. **Complaint**

As noted, plaintiff's complaint is almost entirely devoid of facts. Applying special solicitude the undersigned read the facts set forth in plaintiff's appended request for a TRO in an attempt to discern the facts in this case. Plaintiff contends that he was "directed, coerced, or compelled by staff and administrators of IPH 176, including Karen [Head Supervisor], to watch specific televised news programming, namely CNN news, during my presence at said facility every morning from 8:30 a.m. – 2:00 a.m. or it gets turned off." Dkt. No. 1-1 at 2. Plaintiff contends that "[s]uch compulsion was against my will, beliefs, and lawful right of conscience, constituting forced indoctrination and ideological coercion." *Id.* Plaintiff contends that "[s]uch actions amount to compelled speech, psychological coercion, and mental intrusion, infringing upon my divine and constitutional rights." *Id.* Plaintiff contends that there exists "[n]o lawful contract,

consent, or agreement . . . whereby I have consented to be indoctrinated or forced to view specific media or political narratives." *Id.*  Plaintiff contends that he served "[a]ffidavit(s) of Fact and Notice(s) of Claim" "upon the Respondents, and no verified, sworn rebuttal was received within the lawful time allowed" making "Respondents" "in default under both commercial law and international human rights standards." *Id.* Plaintiff also states, "[i]nterference with the occupation of the Estate." *Id.* at 2.

Plaintiff contends that "on October 13[,] 2025, 12:30 pm I was forced off IPH guest wi-fi in retaliation for exercising his rights." Dkt. No. 1-1 at 3.  Plaintiff contends that on October 11, 2025, I walked to the front desk and asked Sharon (staff) for a pen. She made a joke of it." *Id.*  Plaintiff told Sharon, "would you rather for me to walk up the stairs, and she giggled.  Sharon stated she was joking.  I said I'm really Disabled it's in my folder ! Then I went and got the Affidavit of Fact and served her with it." *Id.*  Plaintiff states on an unidentified date, "Head Supervisor Karen Doe, and four other Counselors were all in one room waiting for Mr. Jenkins to enter the building." *Id.*  Upon entering the building, Karen asked plaintiff, "Can I speak with you?" *Id.*  Plaintiff answered affirmatively and went to Karen's office. *Id.*  Karen "began to scream that I was trying to intimidate her workers." *Id.*  Plaintiff responded, "if asserting my rights are intimidating your workers it's probably because they are knowingly violating people's civil-and Human Rights." *Id.*  Plaintiff contends that Karen was trying to intimidate him.  *See id.*

Plaintiff further contends, "[o]n the Fourteenth of October,"

> staff Counselor Seven" stated that IPH needed to see his "check stubs , because I expressed to her that I am a Minister and that my ministry takes care of all my needs ! The ministry is not at liberty to disclose any of its financial dealings. Malcolm Ali Bey being a Minister i am a tax free entity and the ministry only receives Donations not pay.  Therefore Malcolm Ali Bey does not receive checks from the ministry.

6

*Id.* Plaintiff states:

> [a]sserting or Attempting to Enforce any claim, debt, charge, obligation, or contractual agreement against the TASHANO MALCOM JENKINS Living Trust or the Estate of Tashano Malcolm Jenkins ("The Trust/Estate") without first providing verified, lawful, wet-ink signed evidence of said claim or obligation bearing the express consent of the Trustee/Executor, Malcom Ali Bey.
>
> Imposing, Assessing, or Attempting to Collect any administrative penalty, fee, unlawful billing, or commercial instrument against the Trust/Estate.
>
> Engaging in any act of Retaliation, Harassment, Intimidation, Unlawful Removal, Eviction, or Interference with the lawful executorship duties of Malcom Ali Bey as Trustee/Executor.
>
> Denying or Obstructing the Trustee/Executor's access to or use of privileges, including the copy machine and free mailing privileges, recognized as being derived from the Trust's status as a living creditor.
>
> Utilizing, reproducing, transmitting, displaying, publishing, or broadcasting the protected name 'TASHANO MALCOLM JENKINS' without the prior written consent of the Trust.
>
> Trespassing upon or engaging in the Unauthorized Use of any asset, trade name, copyright, or property belonging to the Trust/Estate.

*Id.* at 4.

Plaintiff argues that defendant, which runs a shelter for homeless or low-income individuals,[5] violated his civil rights, specifically his First Amendment right to free speech,[6] and the Fifth and Fourteenth Amendments which he defines as "due process

---

[5] The undersigned takes judicial notice of the following, on In-Progress Housing (IPH)'s website: "IPH is a leading provider of services for the homeless and low-income community in the Capital Region and beyond." https://www.iphny.org/ (last visited June 22, 2026). The website identifies 176 Sheridan Avenue, Albany as Sheridan House, "a supportive, transitional setting for adults who are experiencing homelessness. In this year-round, 30-bed shelter, guests receive individualized, person-centered services that promote long-term stability and address each person's self-identified needs and goals." https://www.iphny.org/shelters (last visited June 22, 2026).
[6] Although it is entirely unclear, arguably plaintiff is contending that the IPH having CNN on the television forced him to view a television channel or programs with which he does not agree violates the First Amendment.

7

and liberty of conscience." Dkt. No. 1-1 at 2. He states, "[t]he actions of the adverse party, by issuing commercial instruments or taking administrative actions without full disclosure, verified consent, or a lawful contract, constitute a breach of fiduciary duty and a violation of the Due Process of Law guaranteed by the 5th and 14th Amendments." Id. at 4. "The failure to provide lawful notice, an opportunity to respond, or an impartial hearing before taking action against The Trust/Estate is deemed a willful violation of constitutional and Indigenous Rights." *Id.*

On the civil cover sheet, plaintiff cheeked the boxes for "other personal injury, "property damage product liability," and "other civil rights." Dkt. No. 1-2 at 1.

### C. **Analysis**[7]

### 1. **42 U.S.C. § 1983 Claims**

On its face, plaintiff's complaint fails to satisfy the pleading standards set forth in Fed. R. Civ. P. 8. Plaintiff's pro se complaint sets forth vague and ambiguous civil rights claims against IGP and its employees as well as other claims grounded not in any identifiable federal or state law, including "forced indoctrination," "compelled speech," "psychological coercion," "mental intrusion." Dkt. No. 1-1 at 2. Plaintiff does not allege specific legal causes of action that are tied to specific legal facts supporting those claims. The complaint fully fails to provide adequate notice of the legal claims plaintiff seeks to assert against defendant or the facts underlying those claims. To wit, he makes unexplained references to "commercial law," "international human rights standards," "interference with the occupation of the estate," "Universal Declaration of Human Rights Articles 18 & 19," "United Nations Declaration on the Rights of

---

[7] The Court has provided plaintiff pro se with copies of any unpublished cases cited within this Report-Recommendation & Order.

Indigenous Peoples, Article 8, "Common Law and Natural Law rights of free will and moral agency," and the "Clearfield Doctrine." Dkt. No. 1-1 at 2. Plaintiff's complaint fails to set forth any constitutional violations and plaintiff's unsupported references to various and broad areas of law also fail to meet Rule 8's pleading standards.

Plaintiff's complaint and appended TRO are disjointed, factually lacking, and fail to set forth clear claims. Accordingly, plaintiff's claim fails to meet Rule 8's pleading standards. *See Simmons v. Abuzzo*, 49 F.3d 83, 86 (2d Cir. 1995) ("A district court may sua sponte dismiss a complaint that does not comply with Rule 8 if the "complaint is so confused, ambiguous, vague, or otherwise unintelligible that its true substance, if any, is well disguised."). However, leave to amend is not recommended as to plaintiff's 1983 claims for the reasons that follow.

"Section 1983 imposes liability on anyone who, under color of state law, deprives a person 'of any rights, privileges, or immunities secured by the Constitution and laws.'" *K & A Radiologic Tech. Servs., Inc. v. Commissioner of Dep't of Health*, 189 F.3d 273, 280 (2d Cir. 1999) (quoting *Blessing v. Freestone*, 520 U.S. 329, 340 (1997)). "A plaintiff pressing a claim of violation of his constitutional rights under § 1983 is thus required to show state action." *Tancredi v. Metro. Life Ins. Co.*, 316 F.3d 308, 312 (2d Cir. 2003) (citing *Rendell-Baker v. Kohn*, 457 U.S. 830, 838 (1982)).

"The traditional definition of acting under color of state law requires that the defendant . . . exercise[ ] power possessed by virtue of state law and made possible only because the wrongdoer is clothed with the authority of state law." *West v. Atkins*, 487 U.S. 42, 48 (1988) (internal quotation marks and citation omitted). Private parties generally are not state actors; therefore, they are not liable under § 1983. *See Sykes v.*

9

*Bank of America*, 723 F.3d 399, 406 (2d Cir. 2013); *see also Flagg v. Yonkers Sav. & Loan Ass'n*, 396 F.3d 178, 186 (2d Cir. 2005) ("Because the United States Constitution regulates only the Government, not private parties, [with respect to a claim brought under § 1983,] a litigant claiming that his constitutional rights have been violated must first establish that the challenged conduct constitutes 'state action.'") (quoting *United States v. Int'l Brotherhood of Teamsters*, 941 F.2d 1292, 1295 (2d Cir. 1991)). However, there exist a few limited exceptions.  A private party's actions can be considered state action in three situations:

> (1) the private party acts using the coercive power of the state or is controlled by the state (the "compulsion test");
> (2) the private party willfully participates in joint activity with the state or its functions are entwined with state policies (the "joint action" or "close nexus" test); or
> (3) the state has delegated a public function to the private party (the "public function" test).

*Fabrikant v. French*, 691 F.3d 193, 207 (2d Cir. 2012).  The fundamental question under each situation is whether the private party's challenged actions are fairly attributable to the State.  *See Rendell-Baker v. Kohn*, 457 U.S. 830, 838 (1982).

Insofar as plaintiff names IPH, a nonprofit entity that operates a homeless shelter, and various unnamed employees and agents of IPH, plaintiff has failed to set forth any state action.  "Courts have held that '[t]he provision of homeless services by a private organization, even under contract with the state or where subject to governmental regulation, does not turn the private organization or its employees into state actors.'" *Flores v. Dep't of Homeless Servs.*, No. 24-CV-6673 (LLS), 2025 WL 2662514, at *3 (S.D.N.Y. Sept. 16, 2025) (quoting *Williams v. B.R.C. of New York*, No. 25-CV-0663, 2025 WL 446237, at *2 (E.D.N.Y. Feb. 10, 2025) (internal quotation marks

10

and citation omitted)); *see Ballentine v. Barak*, No. 25-CV-515 (AT) (BCM), 2026 WL 1024116, at *5 (S.D.N.Y. Feb. 13, 2026), *report and recommendation adopted as modified sub nom. Ballentine v. Post Graduate Ctr. for Mental Health*, No. 25 CIV. 515 (AT) (BCM), 2026 WL 866846 (S.D.N.Y. Mar. 30, 2026) ("District courts have consistently declined to find that such conduct [providing supportive housing] qualifies as state action.") (quoting *Megginson v. Bridge, Inc.*, 21-CV-9626 (LTS), 2021 WL 6064409, at *2 (S.D.N.Y. Dec. 22, 2021) ("dismissing § 1983 claims brought by tenant of supportive housing program alleging abusive conduct by program staff because 'Plaintiff does not plead facts showing that The Bridge, Inc. acted as a state actor in providing him with voluntary supportive housing'") (citing *Murray v. New York City Dep't of Corr.*, 13 CV 7090 (KAM) (LB), 2016 WL 11395007, at *10 (E.D.N.Y. Aug. 18, 2016) *report-recommendation adopted*, 2016 WL 5928672 (E.D.N.Y. Sept. 30, 2016) ("[T]ransitional housing facilities, and the employees who work for them are not considered state actors under section 1983.")).

Here, even if, *arguendo*, plaintiff were to have argued that the state or municipality regulated IPH or contracted with IPH to provide homeless or transitional housing services, "'these contracts do not transform the private organizations or their employees into state actors[.]'" *Ballentine*, 2026 WL 1024116, at *6 (quoting *Murray*, 2016 WL 11395007, at *10).  Accordingly, it is recommended that plaintiff's 1983 claims must be dismissed for failure to state a claim upon which relief can be granted.  *See* 28 U.S.C. § 1915(e)(2)(B)(ii).

Although it is generally recommended that courts not dismiss pro se complaints without granting leave to amend at least once, the undersigned does not recommend

11

affording plaintiff leave to amend on his section 1983 claims against IGP as the problem with such claims are substantive and would render any amendment futile. *See Ballentine*, 2026 WL 1024116, at *6 (denying leave to amend on the plaintiff's section 1983 claim against supportive housing agency and its CEO because there was no state actor and it is well settled that a private entity providing supportive housing does not render it a state actor); *George v. Pathways to Housing, Inc.*, No. Civ. 9505 (ER),  2012 WL 2512964, at *4 (S.D.N.Y. June 29, 2012), *aff'd in relevant part, vacated and remanded in part on other grounds*, 646 F. App'x 40, 41 (2d Cir. Apr. 18, 2016) (summary order) (affirming District Court's denial of leave to amend against non-for-profit supportive housing provider due to failure to plead state action).

### 2.  Universal Declaration of Human Rights[8]

Plaintiff appears to allege, albeit without any explanation, that defendant IPH violated Articles 18 and 19 of the Universal Declaration of Human Rights.  *See* Dkt. No. 1-1 at 2.

> Despite the "moral authority" of this document, it does not "impose obligations as a matter of international law" nor does it provide a private right of action. *See Sosa v. Alvarez–Machain*, 542 U.S. 692, 734–35, 124 S.Ct. 2739, 159 L.Ed.2d 718 (2004) (explaining that Universal Declaration of Human Rights is an international agreement that does not give rise to legal obligations because it is merely a "statement of principles"); *see also United States v. Chatman*, 351 F. App'x 740, 741 (3d Cir.2009) ("[T]he

---

[8] "Its [the pro se complaint's] language, and that of Plaintiff's attached filings, to the extent comprehensible, appears to advance theories attributable to the sovereign citizen movement, 'a loosely affiliated group who believe that the state and federal governments lack constitutional legitimacy and therefore have no authority to regulate their behavior.'" *Steven Joseph Kelly, as Tr./Gen. Ex'r for the Steven Joseph Kelly MRP Tr., Plaintiff, v. Barclays Capital, Inc., Defendant.*, No. 26-CV-04105 (JAV), 2026 WL 1745788, at *1 (S.D.N.Y. June 17, 2026) (quoting *United States v. Ulloa*, 511 F. Appx. 105, 106 n.1 (2d Cir. 2013) (summary order)).  Plaintiff's filings reference the Uniform Commercial Code which is "commonly used by pro se litigants affiliated with the sovereign citizens movement." *El-Bey v. D.C.*, No. 17-CV-6203 (MKB), 2019 WL 13548078, at *2 (E.D.N.Y. Oct. 17, 2019) (internal citation and quotation marks omitted).  Further, his use of the symbols for copyright and registered trademark next to his name "may indicate his adherence to the sovereign citizens movement . . . " *Osorio v. Connecticut*, No. 3:17-CV-1210 (CSH), 2018 WL 1440178, at *5 n.3 (D. Conn. Mar. 22, 2018); *see, e.g.*, dkt. no. 1-1 at 1, 6; dkt. no.1 at 5.

Universal Declaration of Human Rights is a nonbinding declaration that provides no private rights of action."); *Huynh Thi Anh v. Levi*, 586 F.2d 625, 629 (6th Cir.1978) ("[I]t does not appear that the Geneva Convention or the Declaration of Rights are in fact treaties in force in the United States."); *Chinloy v. Seabrook*, No. 14–CV–350, 2014 WL 1343023, at *4 (E.D.N.Y. Apr.3, 2014) (collecting cases).

*Guichardo v. Hanson*, No. 15-CV-0585 MKB, 2015 WL 6866308, at *4 (E.D.N.Y. Nov. 6, 2015) (dismissing the plaintiffs' claims based on violations of the Universal Declaration of Human Rights for failure to state a claim).  Although plaintiff's claim is factually dearth and, thus, fails to meet Rule 8's pleading standards, because it is well-settled that the Universal Declaration of Human Rights does not set forth any private right of action, it is recommended that any such claim be dismissed with prejudice for failure to state a claim upon which relief can be granted.

### 3. United Nations Declaration on the Rights of Indigenous People

Plaintiff appears to allege, albeit without any explanation or factual support, that defendant IPH violated Article 8 of the United Nations Declaration on the Rights of Indigenous People. *See* Dkt. No. 1-1 at 2.  It is well-settled that United Nations Declaration on the Rights of Indigenous People does not create any federal cause of action.  *See, e.g., Bey v. Westbury Union Free Sch. Dist.*, No. 21-CV-2048 (RPK)(PK), 2022 WL 900615, at *7 (E.D.N.Y. Mar. 28, 2022) (citing cases).  Accordingly, it is recommended that any claim brought pursuant to United Nations Declaration on the Rights of Indigenous People be dismissed with prejudice and without opportunity to amend for failure to state a claim upon which relief can be granted.

### 4. Clearfield Trust Doctrine

Plaintiff contends that defendant's "actions are in violation of," among other things, "Clearfield Doctrine, Clearfield Trust Co. v. United States, 318 U.S. 363 (1943),

establishing that when government acts in commercial capacity, it loses its sovereign immunity." Dkt. No. 1-1 at 2. First, plaintiff has provided no factual context for referencing the United States' sovereign immunity as he has not named the United States as a defendant in this action; thus, it is entirely unclear why he has cited this doctrine. Second, even if he had named the United States as a defendant, the association of the Clearfield Trust Doctrine with a waiver of sovereign immunity – an argument previously raised by sovereign citizens – has been repeatedly rejected

> [T]he Clearfield Trust Doctrine does not constitute a waiver of sovereign immunity. In *Clearfield Trust v. United States*, 318 U.S. 363, 366–67, 63 S.Ct. 573, 87 L.Ed. 838 (1943), the Supreme Court held that federal law governs questions concerning the rights of the federal government under federal programs, such that, in the absence of an act of Congress applicable to the functioning of such programs, the federal courts may fashion an appropriate and governing rule of law according to their own standards.... Like nearly every other authority cited by Plaintiff, Clearfield Trust has no application to any issue in this case. In re Sterling, 565 B.R. at 265 (citation omitted), aff'd, 737 Fed.Appx. 52.

*Davila v. Lang*, 343 F. Supp. 3d 254, 269 (S.D.N.Y. 2018); *see Ngambo v. Soc. Sec. Admin.*, No. 23-CV-963 (AEK), 2024 WL 4203262, at *10 (S.D.N.Y. Sept. 16, 2024), aff'd, No. 24-2715, 2025 WL 1355019 (2d Cir. May 9, 2025) (same).

5. "**Common Law and Natural Law rights of free will and moral agency**"

Plaintiff includes the above in a bullet-pointed list of alleged "violations." Dkt. No. 1-1 at 2. He offers no context or factual explanation. However, he has not shown any private cause of action for violations of common law or natural law rights of "free will" and "moral agency." *Id.* Reading plaintiff's submissions liberally, to the extent plaintiff may contend that the television(s) at IPH tuned to CNN, a television station/programming with which he disagrees, apparently in common areas of the facility, plaintiff identifies no violation of any federal law, New York State law, or any

14

private cause of action associated with alleged violations of the "rights of free will and moral agency." *Id.* Plaintiff's vague claims regarding being forced to view television programming with which he disagrees and violations of unspecified common law and natural law are frivolous and fail to state a claim upon which relief can be granted. "A claim is based on an indisputably meritless legal theory when either the claim lacks an arguable basis in law, or a dispositive defense clearly exists on the face of the complaint." *Livingston v. Adirondack Beverage Co.*, 141 F.3d 434, 437 (2d Cir. 1998) (internal quotation marks and citations omitted); *see also Denton v. Hernandez*, 504 U.S. 25, 32-33 (1992) (holding that "finding of factual frivolousness is appropriate when the facts alleged rise to the level of the irrational or the wholly incredible").

> This Court "has the inherent power to dismiss without leave to amend or replead where the substance of the claim pleaded is frivolous on its face, or where amendment would otherwise be futile." *Dieujuste v. Sin*, 731 F. Supp. 3d 440, 455 (E.D.N.Y.), *reconsideration denied*, 734 F. Supp. 3d 232 (E.D.N.Y. 2024), *aff'd*, 125 F.4th 397 (2d Cir. 2025). "An action is 'frivolous' when either: (1) the factual contentions are clearly baseless . . .; or (2) the claim is based on an indisputably meritless legal theory." *Livingston v. Adirondack Beverage Co.*, 141 F.3d 434, 437 (2d Cir. 1998) (cleaned up). Sovereign citizen theories "have been consistently rejected by federal courts as legally frivolous." *Barton v. Clark*, No. 23 CIV. 5827 (LGS), 2023 WL 6929178, at *6 (S.D.N.Y. Oct. 19, 2023). Therefore, this action must also be dismissed on this basis even when construed liberally as a pro se pleading. *See Triestman v. Federal Bureau of Prisons*, 470 F.3d 471, 475 (2d Cir. 2006).

*Kelly*, 2026 WL 1745788, at *2. Accordingly, it is recommended that such claims be dismissed with prejudice and without opportunity to amend. *See* 28 U.S.C. § 1915(e)(2)(B)(i).

### 6. **Claims on Behalf of Trust/Plaintiff's Role as Trustee**

15

As a final note, in his complaint and civil cover sheet, plaintiff indicates that he is proceeding as the executor/beneficiary of the Tashano Jenkins Estate Trust.   It is not clear whether, in indicating his role as the beneficiary/trustee of the trust and discussing actions plaintiff alleges defendant took against the trust, *see, e.g.*, dkt. no. 1-1 at 4, plaintiff is seeking to proceed at all on behalf of the trust.  However, to the extent plaintiff, in so noting his role and discussing the trust, he seeks to proceed as a trustee on behalf of the trust, the undersigned observes:

> a trust cannot proceed pro se in an Article III court. The statute governing appearances in federal court, 28 U.S.C. § 1654, only allows two types of representation: "'that by an attorney admitted to the practice of law by a governmental regulatory body and that by a person representing himself.'" *Lattanzio v. COMTA*, 481 F.3d 137, 139 (2d Cir. 2007) (quoting *Eagle Associates v. Bank of Montrea*l, 926 F.2d 1305, 1308 (2d Cir. 1991). Accordingly, "[t]he statute does not permit 'unlicensed lay[persons] to represent anyone else other than themselves.'" *Id.* (quoting *Eagle Associates*, 926 F.2d at 1308). "Thus, a nonlawyer trustee cannot bring claims on behalf of a trust." *Nasledie Davudova Express Tr. v. JP Morgan Chase Bank, Nat'l Ass'n*, No. 24-CV-7633 (LTS), 2024 WL 4769687, at *2 (S.D.N.Y. Nov. 13, 2024) (citing *Bell v. S. Bay Eur. Corp.*, 486 F. Supp. 2d 257, 259 (S.D.N.Y. 2007))

*Kelly*, 2026 WL 1745788, at *2.  Thus, to the extent plaintiff seeks to proceed pro se on behalf of a trust, he is not permitted to proceed as such.

### IV. Conclusion

Wherefore, it is hereby

**ORDERED**, that plaintiff's in forma pauperis application, Dkt. No. 2, be **GRANTED**, and it is

**RECOMMENDED**, that plaintiff's complaint, dkt. no. 1, be **DISMISSED** in its entirety with prejudice and without opportunity to amend, and it is

16

**ORDERED**, that this Report-Recommendation & Order be served on plaintiff in accordance with the Local Rules.

**IT IS SO ORDERED**.

Pursuant to 28 U.S.C. § 636(b)(1), plaintiff has **FOURTEEN (14)** days within which to file written objections to the foregoing report. Such objections shall be filed with the Clerk of the Court. **FAILURE TO OBJECT TO THIS REPORT WITHIN FOURTEEN (14) DAYS WILL PRECLUDE APPELLATE REVIEW**. *See Roldan v. Racette*, 984 F.2d 85, 89 (2d Cir. 1993) (citing *Small v. Sec'y of Health and Human Servs.*, 892 F.2d 15 (2d Cir. 1989)); *see also* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 6(a), 72.[9]

Dated:  June 23, 2026
　　　　Albany, New York

Paul J. Evangelista
U.S. Magistrate Judge

---

[9] If you are proceeding pro se and are served with this Report-Recommendation and Order by mail, three (3) additional days will be added to the fourteen-day (14) period, meaning that you have seventeen (17) days from the date the Report-Recommendation and Order was mailed to you to serve and file objections. *See* FED. R. CIV. P. 6(d). If the last day of that prescribed period falls on a Saturday, Sunday, or legal holiday, then the deadline is extended until the end of the next day that is not a Saturday, Sunday, or legal holiday. *See id.* § 6(a)(1)(c).