UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK

_____

MALCOM ALI BEY, *Executor/Beneficiary*
*ex. rel. Tashano Jenkins Estate Trust*,

                          Plaintiff,

                                                    1:25-CV-1544
v.                                                 (GTS/PJE)

IN-PROGRESS HOUSING (IPH),
*including its officers, agents, employees,*
*supervisors, successors, and assigns,*

                          Defendant.

_____

APPEARANCES:                          OF COUNSEL:

MALCOM ALI BEY
    Plaintiff, *Pro Se*
45 Hudson Avenue
General Post Office
Albany, New York 12210

GLENN T. SUDDABY, United States District Judge

## DECISION and ORDER

Currently before the Court, in this *pro se* civil rights action filed by Malcom Ali Bey

("Plaintiff") against In-Progress Housing (IPH) ("Defendant"), is United States Magistrate Judge

Paul J. Evangelista's Report-Recommendation recommending that Plaintiff's Complaint be *sua*

*sponte* dismissed in its entirety with prejudice and without opportunity to amend for

frivolousness and/or failure to state a claim.  (Dkt. No. 4.)  Plaintiff has not filed an Objection to

the Report-Recommendation, and the time in which to do so has expired.  (*See generally* Docket

Sheet.)

1

After carefully reviewing the relevant papers herein, including Magistrate Judge Evangelista's thorough Report-Recommendation, the Court can find no clear error in the Report-Recommendation:[1] Magistrate Judge Evangelista employed the proper standards, accurately recited the facts, and reasonably applied the law to those facts. As a result, the Report-Recommendation is accepted and adopted in its entirety for the reasons stated therein. (Dkt. No. 4.)

**ACCORDINGLY**, it is

**ORDERED** that Magistrate Judge Evangelista's Report-Recommendation (Dkt. No.4) is **ACCEPTED** and **ADOPTED** in its entirety; and it is further

**ORDERED** that Plaintiff's Complaint (Dkt. No. 1) is *sua sponte* **DISMISSED** **in its entirety with prejudice and without leave to amend**.

Dated: July 29, 2026
       Syracuse, New York

Glenn T. Suddaby
U.S. District Judge

---

[1] When no objection is made to a report-recommendation, the Court subjects that report-recommendation to only a clear error review. Fed. R. Civ. P. 72(b), Advisory Committee Notes: 1983 Addition. When performing such a clear error review, "the court need only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." *Id*.; *see also Batista v. Walker*, 94-CV-2826, 1995 WL 453299, at *1 (S.D.N.Y. July 31, 1995) (Sotomayor, J.) ("I am permitted to adopt those sections of [a magistrate judge's] report to which no specific objection is made, so long as those sections are not facially erroneous.") (internal quotation marks omitted).